UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 1:14-cr-00149-JAW-1 |
| | ) | |
| RYAN ROBERT POMERLEAU | ) | |

**ORDER ON MOTION TO TRANSFER**

The Court denies a defendant's motion to transfer the proceedings on a pending petition for revocation of supervised release from Bangor to Portland, Maine. The Court is skeptical that a motion to transfer is the proper vehicle for a within-district change in the location of a proceeding, and in any case, the Court is not convinced that a formal change in the location of the proceedings is necessary to resolve the pending petition in an efficient and just manner.

**I.      BACKGROUND**

On October 1, 2014, the federal prosecutor filed a criminal complaint against Ryan Robert Pomerleau, charging him with stealing a letter addressed to Jackson Hardware of Kittery, Maine, a violation of 18 U.S.C. § 1708. *Compl.* (ECF No. 3). Although the initial criminal complaint was filed on October 1, 2014, in Portland, *id.*, on January 14, 2015, Mr. Pomerleau appeared before the Court in Bangor, waived indictment, and pleaded guilty to an information that charged him with one count of stealing mail and one count of conspiring to steal mail from mailboxes in the Augusta, Maine area. *Waiver of Indictment* (ECF No. 21); *Information* (ECF No. 22); *Min. Entry* (ECF No. 26). After being initially represented by Portland area counsel,

Federal Defender David Beneman, Mr. Pomerleau was represented by Bangor area counsel, James S. Nixon, the Assistant Federal Defender. *Min. Entry* (ECF No. 10); *Min. Entry* (ECF No. 26). On June 8, 2015, the Court sentenced Mr. Pomerleau in Bangor to a concurrent term of forty-eight months of incarceration, three years of supervised release, $87,752.22 in restitution, and a $100 special assessment. *J.* (ECF No. 37).

On September 30, 2019, the United States District Court in Bangor issued an arrest warrant for Mr. Pomerleau for violating the conditions of his supervised release. *Arrest Warrant* (ECF No. 45). Specifically, on September 30, 2019, the Government filed a petition for warrant or summons for offender under supervision, alleging that Mr. Pomerleau had violated three conditions of supervised release, including an operating under the influence arrest in Gorham, Maine. *Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 43). Mr. Pomerleau was arrested on October 1, 2019, at the York County Jail. *Return of Arrest Warrant* (ECF No. 47). On October 1, 2019, Bangor area Attorney Terence Harrigan appeared on behalf of Mr. Pomerleau because Mr. Nixon was unavailable at that time. *Min. Entry* (ECF No. 48). Mr. Harrigan represented Mr. Pomerleau in Bangor on October 1 and 2, 2019, when he waived preliminary hearing and was ordered temporarily detained. *Waiver of a Prelim. Hr'g* (ECF No. 51); *Order of Temp. Detention* (ECF No. 53). Mr. Harrigan also represented Mr. Pomerleau in Bangor on October 7, 2019, at a detention hearing that resulted in Mr. Pomerleau being detained. *Order of Detention Pending Revocation Hr'g* (ECF No. 57).

## II. THE POSITIONS OF THE PARTIES

### A. Ryan Robert Pomerleau's Motion

On October 3, 2019, Mr. Pomerleau moved to have the Court transfer the case from Bangor to Portland. *Mot. to Transfer* (ECF No. 54). In the motion, Mr. Pomerleau states that (1) he currently lives in Eliot, Maine, (2) that his probation officer is based in Portland, (3) that the alleged violations occurred in the Portland area, and (4) that Judge Woodcock is based in Portland. *Id.* at 1. He says that Portland area defense counsel could be appointed to represent him if the matter were heard in Portland. *Id.*

### B. The Government's Opposition

On October 5, 2019, the Assistant United States Attorney objected to the case being moved from Bangor to Portland. *Gov't's Opp'n to Def.'s Mot. to Transfer* (ECF No. 55). The Government notes that Mr. Pomerleau committed his criminal offense in Augusta, Maine, which falls within the "jurisdiction" of the United States District Court in Bangor. *Id.* at 1. The Government also observes that Mr. Pomerleau is being housed at the Somerset County Superior Court in Skowhegan, Maine, which would make Bangor a more accessible location. *Id.*

## III. DISCUSSION

The Court is somewhat nonplussed by Mr. Pomerleau's motion to transfer. Typically, a motion to transfer is filed under Federal Rule of Criminal Procedure 20 where the prosecution is transferred from one district to another by consent. FED. R. CRIM. P. 20(a) ("A prosecution may be transferred from the district where the

indictment or information is pending, or from which a warrant on a complaint has been issued, to the district where the defendant is arrested, held or present"). Alternatively, the rules provide for a transfer from one district to another for trial if there is a showing of prejudice. FED. R. CRIM. P. 21. But neither rule applies to a transfer within a district.

Moreover, the District of Maine is one district and it strikes the Court as odd to view Bangor and Portland as so far apart to require an order of the Court to hold hearings on a petition for revocation of supervised release in one or the other since the United States District Court for the District of Maine regularly holds court in both cities. Judges, lawyers, probation officers, and others regularly travel from Portland to Bangor and from Bangor to Portland to do the business of the Court.

In any event, the Court does not see the need to change the location of the hearings in this petition for revocation from Bangor to Portland. First, Assistant United States Attorney (AUSA) James Moore, who prosecuted this case from its outset and is most familiar with it, is located in Bangor. If the Court held hearings in Portland, he would be required to travel to and from Bangor to prosecute the revocation petition. Alternatively, if a new Portland prosecutor were necessary, someone from the United States Attorney's Office in Portland less familiar with the case than AUSA Moore would have to familiarize himself or herself with it.

Next, the motion contemplates that the Court would appoint new defense counsel in the Portland area to defend Mr. Pomerleau. As Attorney Harrigan is

already somewhat familiar with the case, it seems more efficient that he continue to represent Mr. Pomerleau for the duration of the petition for revocation.

Third, although it is true that Probation Officer Megan B. Entwistle is located in the Portland office of the United States Probation Office, if her presence is necessary in Bangor, it has been the experience of the Court that probation officers in Portland know the way to Bangor and can find their way back to Portland.

Fourth, although this Judge's chambers are currently located in Portland, the city of Bangor is not unknown to him and he regularly holds court in Bangor, his native city and where he lived most of his life, so it is of no moment to the Judge that the petition proceed in Bangor.

Fifth, as Mr. Pomerleau is being housed in Skowhegan, it is slightly more convenient for purposes of transportation to have proceedings in Bangor than Portland.

Sixth, if for any reason it becomes essential to hold a hearing in Portland, the Court can always do so and the federal prosecutor and Bangor-based defense counsel can wend their way from Bangor to Federal Street in Portland.

In short, the Court perceives no advantage to holding hearings on this petition for revocation in Portland as opposed to Bangor and denies the motion for transfer.

## IV.  CONCLUSION

The Court DENIES the Defendant's Motion to Transfer (ECF No. 54) and ORDERS the Clerk's Office to schedule this matter in the ordinary course at the Margaret Chase Smith Federal Building in Bangor, Maine.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 16th day of October, 2019